77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abdul-Shaheed MUSLIM, Plaintiff-Appellant,
v.
Robert A. FARLEY, et al., Defendants-Appellees.
 No. 95-1219.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 21, 1996.
Order Amending Decision on Denial of Rehearing May 9, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Abdul-Shaheed Muslim, an inmate at Westville Correctional Center in Indiana, seeks compensatory and punitive damages from defendants pursuant to 42 U.S.C. § 1983. On March 23, 1993, prison officials discovered a shank (a homemade knife) hidden in the locking mechanism of Muslim's cell door. They charged him with possession of a weapon and placed him in disciplinary segregation on March 25, 1993. Muslim denied the rule violation at the hearing before the Conduct Adjustment Board (CAB), and requested but was denied the assistance of a lay advocate and the statements from certain witnesses. The CAB found that Muslim had violated the prison rule. On administrative appeal, this finding was vacated and remanded to allow Muslim the opportunity to present witness statements. The subsequent CAB hearing on July 14, 1993, found that Muslim had not violated the rule and Muslim was released from disciplinary segregation. He brought this civil rights action requesting monetary damages for the violation of his right to due process during the first CAB hearing and for his 112 days in disciplinary segregation.
 
 
 2
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995). We "accept all the factual allegations in the complaint and draw all reasonable inferences from these facts in favor of the plaintiff." Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir.1993). A complaint can be dismissed only if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. Zarnes v. Rhodes, 64 F.3d 285, 289 (7th Cir.1995). Pro se complaints are held to less stringent standards than those drafted by attorneys, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972), so we must construe Muslim's complaint liberally in determining whether the court properly dismissed these claims.
 
 
 3
 Muslim did not plead that the conditions particular to his segregation were atypical, therefore his disciplinary segregation did not infringe a federally enforceable liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2298-2300 (1995); Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir.1995). Further, because the initial finding of a rule violation was vacated and Muslim was then found not guilty, he has no due process claim from the first CAB hearing. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative appeal is part of the due process afforded prisoners." Morrissette v. Peters, 45 F.3d 1119, 1122 (7th Cir.1994) (citations omitted).
 
 
 4
 AFFIRMED.
 
 May 9, 1996
 ORDER
 
 5
 Following our order affirming the district court's decision against Abdul-Shaheed Muslim, Muslim moved for a rehearing. We deny Muslim's motion and amend our order.
 
 
 6
 Muslim brought a claim under 42 U.S.C. § 1983 for damages claiming that defendant's violated his right to due process. Muslim, an inmate at Westville Correctional Center, was charged with a prison rule violation and placed in segregation until his disciplinary hearing. The Conduct Adjustment Board found he had violated the rule and Muslim appealed. On administrative review, Muslim's case was remanded for rehearing. Thirty days later, his case was reheard, Muslim was exonerated of the rule violation, and he was released from segregation. In all, he spent 112 days in segregation.
 
 
 7
 Under Sandin v. Connor, 115 S.Ct. 2293, 2298-2300 (1995), an inmate does not have a due process right to be free from prison discipline unless the imposed punishment constitutes an atypical or significant hardship. However, because Muslim filed his pleadings before the announcement of Sandin, Muslim did not have an opportunity to plead this his conditions constituted an atypical or significant hardship. See Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir.1995). We therefore turn to the question of whether the defendants are qualifiedly immune from suit.
 
 
 8
 Qualified immunity shields the discretionary functions of government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982); see also Cleavinger v. Saxner, 474 U.S. 193 (1985) (extending qualified immunity to members of prison disciplinary committees). The defendants are immune from suit if either (a ) their conduct did not violate Muslim's right to due process, (b ) Muslim's right to due process was not clearly established, or (c ) the defendants reasonably should not have known that their conduct violated Muslim's right to due process. Id. The final prong of this analysis is determinative.
 
 
 9
 Prior to Sandin we looked to whether state law conferred upon its inmates a constitutionally enforceable liberty interest not to be placed in administrative segregation. Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991). Such a right was found when the state statutory or regulatory provisions contained explicit and mandatory language that substantively limited the discretion of prison officials. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462, 109 S.Ct. 1904, 1908 (1989); Hewitt v. Helms, 459 U.S. 460, 471-72, 103 S.Ct. 864, --- (1983). We have held that, under Illinois law, a prisoner does not have a right to due process before being placed in segregation pending the outcome of a disciplinary investigation and hearing. See Hewitt v. Helms, 459 U.S. 460, 467-68, 103 S.Ct. 864, 869 (1983) (the due process clause does not create a liberty interest in remaining out of segregation); Pardo v. Hosier, 946 F.2d 1278 (7th Cir.1991); Woods v. Thieret, 903 F.2d 1080, 1083 (7th Cir.1990); Cain v. Lane, 857 F.2d 1139, 1144 (7th Cir.1988) (Illinois administrative and statutory provisions do not create a liberty interest in remaining in the general population). Muslim received a post-deprivation hearing and appeal, and was placed in segregation awaiting the outcome of this process. Thus, the defendants reasonably could have believed that their conduct did not violate Muslim's due process rights. See Meriwether v. Faulkner, 821 F.2d 408, 416 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (no due process from administrative confinement). Even if Sandin changed the law such that Muslim potentially would have a due process claim if his conditions imposed an atypical or significant hardship, it was not reasonable for the defendants to know that Muslim had a potential liberty interest. Therefore, the defendants are qualifiedly immune from suit.
 
 
 10
 For the foregoing reasons, Muslim's motion for rehearing is DENIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)